**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NELSON SOZA-KIRINGTON,

Petitioner,

v.

Case No. 1:26-cv-03639-MIS-DLM

WARDEN, in his official capacity as Warden of Cibola County Correctional Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Nelson Soza-Kirington's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 28, 2026. Petitioner is a citizen of Honduras who has resided in the United States since 2019. Pet. at 1. After an initial detention around the time of his arrival, it appears that removal proceedings were dismissed in February 2020, due to the CoVid-19 pandemic. Id.; Form I-213, ECF No. 7-3 at 4. Petitioner resided peaceably within the United States since then, and he has no criminal history. Form I-213, ECF No. 7-3 at 4.

Nevertheless, on July 28, 2026, United States Immigration and Custody Enforcement took custody of Petitioner, and initiated removal proceedings. Form I-213, ECF No. 7-3. He has been detained ever since and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Pet. at 1, 7. Petitioner was not provided with a bond hearing prior to his detention. Pet. at 7. He filed this Petition on October 28, 2026, requesting immediate release. Pet. at 1, 7.

On October 28, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to answer the petition show cause why the Court should not grant Petitioner habeas relief. ECF No. 5. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

On November 6, 2026, more than 100 days after detaining Petitioner and approximately one week after the Court's Order to Show Cause, an Immigration Judge attempted to hold a bond hearing. Order of the Immgr. Judge, ECF No. 7-6. The Immigration Judge's Order indicates the disposition of the hearing as "withdrawn." Id.

On November 12, 2026, the federal Respondents filed a "Response [to the] Petition." ECF No. 7.[1] Therein, they state:

> Based on the foregoing, it appears Petitioner is properly detained under the discretion of the Attorney General under 8 U.S.C. § 1226. He has been given a bond hearing, as would be required under Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026), but withdrew from the hearing before a final determination could be made by the immigration judge. For purposes of this specific case, Respondents submit that if the Court is still inclined to grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, again provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) so that a custody determination by an immigration judge can be completed. However, if

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

> Petitioner refuses to participate in a bond hearing when provided, he would remain subject to discretionary detention while removal proceedings are ongoing, and it appears that there are no other grounds to suggest removal proceedings should not continue. Thus, Respondents submit that the Court should grant the petition to order a bond hearing to take place within 7 days pursuant to Quiroz.

Id. at 2-3 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of the INA.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention and his continued detention without a bond hearing violates 8 U.S.C. § 1226(a). As such, he is entitled to habeas relief.

The Court further finds that Petitioner's immediate release is the appropriate remedy. Notably, Respondents acknowledge that the authority to detain Petitioner arises under § 1226, and yet for more than 100 days (and not until after Petitioner filed this Petition and the Court ordered them to show cause why it should not be granted) did Respondents attempt to provide Petitioner

with the process that 8 U.S.C. § 1226(a) requires. The time to provide Petitioner with the process that § 1226(a) requires was when they detained him (or, before, if he had been released on his own recognizance). Even now, after the much-delayed attempt to provide Petitioner with the required process, Respondents fail to articulate a legitimate interest in Petitioner's continued detention, see generally ECF No. 7, and having failed to do so, the Court finds immediate release to be the appropriate remedy. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Nelson Soza-Kirington from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE